**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQ.**
**1200 WALNUT ST, 6TH FLOOR**
**PHILADELPHIA, PA 19107**
 (856) 354-9385                                    ATTORNEY FOR PLAINTIFFS

IN UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **STEPHEN LAMB AND** | : | CIVIL ACTION |
| **SUSAN LAMB (H/W)** | : | |
| **232 SUSSEX RD.** | : | NO. |
| **SWEEDSBORO, NJ  08085** | : | |
|         **PLAINTIFFS** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **DEPUTY CHIEF WYSOCKI, SR.** | : | |
| **6TH AND MARKET STREETS** | : | |
| **CAMDEN, NJ 08101** | : | **JURY TRIAL DEMANDED** |
|         **AND** | : | |
| **CITY OF CAMDEN** | : | |
| **6TH AND MARKET STREETS** | : | |
| **CAMDEN, NJ 08101** | : | |
|         **DEFENDANTS** | : | |

## COMPLAINT

1.  This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

2.  Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around Camden, New Jersey, which is in the District of New Jersey, Camden Vicinage.

3.  Plaintiffs, Stephen Lamb and Susan Lamb, are husband and wife and adult citizens of the State of New Jersey, residing as captioned.

4. Defendant, City of Camden, is a municipal corporation organized and existing under the laws of the State of New Jersey, which maintains its principal offices as captioned.

5. Defendant, Deputy Chief Wysocke, Sr., was at all material times a police officer with the City of Camden Police Department. Deputy Chief Wysocke, Sr. is being sued both individually and in his official capacity as a police officer, deputy, agent and/or employee of the defendant, City of Camden.

6. At all material times, defendant, Deputy Chief Wysocke, Sr., acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Camden Police Department, and the defendant, City of Camden.

7. On or about May 14, 2004, the Plaintiff, Stephen Lamb was driving on highway 42 North, in Camden County, when he noticed an accident between a truck and a car.

8. The car, which had hit a wall, was smoking, and the driver was unconscious, so the Plaintiff, Stephen Lamb, stopped to render assistance.

9. Plaintiff, Stephen Lamb, along with another man who had stopped to help, pulled the unconscious driver from the smoking car and carried him approximately 20 yards to safety.

10. After pulling the unconscious driver to safety, while Plaintiff was catching his breath, a man from the other side of the highway medium began yelling at Stephen Lamb to move away from the injured man.

11. The man who was yelling at the Plaintiff, Stephen Lamb, was dressed in what looked like a mechanics uniform, a blue shirt with blue pants, and appeared to be driving a flatbed truck.

12. Unbeknownst to Plaintiff, the man who was yelling at him was defendant, Deputy Chief Wysocki, who proceeded to jump the medium and run towards the Plaintiff and the unconscious man he was assisting.

13. In response, Plaintiff asked defendant Deputy Chief Wysocki who he was, to which Deputy Chief Wysocki responded, "I'll show you who I am", and threw a punch at the Plaintiff.

14. Defendant, Deputy Chief Wysocki never identified himself as a police officer, but instead, grabbed Plaintiff, Stephen Lamb's arm and twisted it behind his back, while at the same time grabbing the Plaintiff by the back of the neck.

15. Defendant, Deputy Chief Wysocki then attempted to take the Plaintiff, Stephen Lamb to the ground, throwing him into a guardrail.

16. After defendant, Deputy Chief Wysocki, threw the Plaintiff into the guardrail, he slammed him onto the hood of a State Trooper's car that had arrived on the scene.

17. Defendant, Deputy Chief Wysocki then asked the State Trooper for his handcuffs, and handcuffed the Plaintiff, Stephen Lamb's hands behind his back.

18. The handcuffs were put on too tightly, and the Plaintiff complained to defendant, Deputy Chief Wysocki, that the handcuffs were too tight, at which point Deputy Chief Wysocki intentionally pulled the handcuffs up toward the back of the Plaintiff's neck, causing more pain and injury.

19. During the whole incident, other persons on the scene kept telling Deputy Chief Wysocki that the Plaintiff, Stephen Lamb, wasn't doing anything wrong but instead was attempting to help the people injured in the accident.

20. The Plaintiff, Stephen Lamb, was wrongfully arrested, taken to the Camden County Jail, where he spent over twelve hours incarcerated, and charged with Obstruction.

21. The charges were dismissed or terminated in the Plaintiff's favor.

22. Defendant, Deputy Chief Wysocki did not have reasonable suspicion, probable cause or a legal basis for arresting and detaining the Plaintiff.

23. Defendant, Deputy Chief Wysocki did not have a reasonable basis for using force against the Plaintiff, Stephen Lamb.

24. As the direct and proximate result of Deputy Chief Wysocki using excessive force against the Plaintiff during the course of illegally arresting and detaining him, the Plaintiff, Stepehn Lamb, suffered serious injury, including but limited to injury to his left shoulder which required medical treatment and may be permanent in nature.

25. As the direct and proximate result of Deputy Chief Wysocki using excessive force against the Plaintiff during the course of illegally arresting and detaining him, the Plaintiff suffered injuries, including but not limited to, contusions, sprains, numbness in his hands, which required medical treatment and may be permanent.

26. As the direct and proximate result of Deputy Chief Wysocki using excessive force against the Plaintiff during the course of illegally arresting and detaining him, the Plaintiff has suffered mental pain and anguish, humiliation, loss to reputation , loss of liability and loss of the enjoyment of life.

27. As the direct and proximate result of Deputy Chief Wysocki using excessive force against the Plaintiff during the course of illegally arresting and detaining him, the Plaintiff has been obliged to expend various sums of money and to incur various expenditures for medical care and treatment.

**COUNT I-- EXCESSIVE FORCE**
**FOURTH AMENDENT OF UNITED STATES CONSTITUTION AND**
**ARTICLE I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION**
**STEPHEN LAMB V. DEPUTY CHIEF WYSOCKI**

28. Paragraphs 1 through 27 are incorporated herein by reference, as though each were fully set forth herein at length.

29. As aforesaid, defendant, Deputy Chief Wysocki, acting within the course and scope of his employment, under the color of state law, and pursuant to the customs, policies, and practices of City of Camden Police Department; deprived Plaintiff, Stephen Lamb, of his rights, privileges and immunities under the Laws and Constitutions of the State of New Jersey and the United States; in particular, the right to be free from use of excessive force; which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

30. As aforesaid, defendant, Deputy Chief Wysocki, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and practices of the Camden Police Department, intentionally and maliciously humiliated, threatened, accused and insulted, Plaintiff, Stephen Lamb, and used his position of authority, illegally and improperly to punish the Plaintiff, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

31. As aforesaid, defendant, Deputy Chief Wysocki, acting within the scope of his employment, under the color of state law, and pursuant to the customs, policies and practices of the Camden Police Department, intentionally and maliciously assaulted and battered Plaintiff, Stephen Lamb, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

32. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, Deputy Chief Wysocki, the Plaintiff suffered injuries that are described above.

33. The above-described actions of the defendant, Deputy Chief Wysocki, in his individual capacity, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§§1983 and 1988, and the New Jersey Constitution, Plaintiff, Stephen Lamb, demands compensatory and punitive damages against defendant, Deputy Chief Wysocki, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II-- FALSE ARREST/IMPRISONMENT AND**
**MALICIOUS PROSECUTION**
**FOURTH AMENDENT OF UNITED STATES CONSTITUTION AND**
**ARTICLE I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION**
**STEPHEN LAMB V. DEPUTY CHIEF WYSOCKI**

34. Paragraphs 1 through 33 are incorporated herein by reference, as though each were fully set forth herein at length.

35. As aforesaid, defendant, Deputy Chief Wysocki, acting within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the City of Camden Police Department; deprived Plaintiff, Stephen Lamb of his rights, privileges and immunities under the Laws and Constitutions of the State of New Jersey and the United States; in particular, the right to be free from false arrest, false imprisonment and malicious prosecution; all of which actions violated the plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

36. As aforesaid, defendants, Deputy Chief Wysocki, acting within the scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Camden Police Department, intentionally and maliciously humiliated, threatened, accused, abused and insulted Plaintiff and used their position of authority, illegally and improperly to punish the Plaintiff, by the above described actions, all of which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey and were in violation of 42 U.S.C. §1983.

37. As aforesaid, defendant, Deputy Chief Wysocki , acting within the scope of his employment, under the color of state law and pursuant to the customs, policies and practices of the defendant, City of Camden and the City of Camden Police Department, intentionally caused the false arrest, false imprisonment and malicious prosecution of the Plaintiff, without probable cause, without privilege and against the Plaintiff's will and

caused the Plaintiff to be subjected to criminal proceedings, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New Jersey, and were in violation of 42 U.S.C. §1983.

38. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, Deputy Chief Wysocki the Plaintiff suffered injuries that are described above.

39. The above-described actions of the defendant, Deputy Chief Wysocki, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988 and the New Jersey Constitution, Plaintiff demands compensatory and punitive damages against defendant, Deputy Chief Wysocki, in his individual capacity, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III-- MONEL CLAIM
### FOURTH AMENDENT OF UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION
### STEPHEN LAMB V. CITY OF CAMDEN

40. Paragraphs 1 through 39 are incorporated herein by reference, as though each were fully set forth herein at length.

41. The Plaintiff, Stephen Lamb, believes and therefore avers that defendant, City of Camden, has adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of illegal seizures and the use of excessive force by its officers; systematically verbally and physically abusing individuals, and

subjecting them to the same type of treatment to which plaintiff was subjected, which policy constitutes unlawful seizures and the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and is in violation of 42 U.S.C. §1983.

42. The Plaintiff, Stephen Lamb, believes and therefore avers that defendant, City of Camden has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline officers, including the individual defendant, Deputy Chief Wysocki, regarding constitutional restraints on seizing a citizen and the use of force, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and is in violation of 42 U.S.C. §1983.

43. The defendant, City of Camden has been deliberately indifferent to the rights of citizens of the City of Camden to be free from illegal seizures and the use of excessive force which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the laws of the United States and of the State of New Jersey and is in violation of 42 U.S.C. §1983.

44. The defendant, City of Camden has an unconstitutional custom, practice of policy of covering up wrong doing by its police officers and failing to adequately investigate allegations of wrongdoing or to discipline police officers who have violated citizen's constitutional rights.

45. The Plaintiff believes and therefore avers, that at the time of the aforementioned incident, defendant, City of Camden, knew or should have known of the above described policy, practice and/or custom of the Camden Police Department, and that they deliberately, knowingly, and recklessly failed to take measures to stop or limit the policy, including, inter alia, providing proper training, supervision, discipline, and control of the officers, agents, and/or employees of the City of Camden Police Department.

46. The Plaintiff believes and therefore avers that the defendant, City of Camden has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of failing to properly investigate matters in which officers illegally seize citizens and unlawfully use excessive force, which allows for and results in an encouragement to officers within the Camden Police Department to continue doing same, and creates policies, practices and/or customs allowing officers to proceed in this manner and creates an atmosphere for the allowance of unconstitutional conduct, including the use of excessive force, by members of the Camden Police Department without fear of punishment.

47. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, City of Camden condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the State of New Jersey, the Laws of the United States and of the State of New Jersey, and was in violation of 42 U.S.C. §1983.

48. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendant, City of Camden, the Plaintiff, Stephen Lamb, suffered injuries that are described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§1983 and 1988, and the New Jersey Constitution, Plaintiff, Stephen Lamb, demands compensatory damages against defendant, City of Camden, jointly and/or severally, in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

## COUNT IV--STATE LAW CLAIM
## FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION
## STEPHEN LAMB V. DEPUTY CHIEF WYSOCKI

49. Paragraphs 1 through 48 are incorporated herein by reference, as though each were fully set forth herein at length.

50. As described above, defendant, Deputy Chief Wysocki, did not have, reasonable suspicion, probable cause or other legal justification to seize the Plaintiff, Stephen Lamb, detain him for over twelve hours, and charge him with a crime.

51. As described above, defendant, Deputy Chief Wysocki, acted with malice and with the express purpose and intent of causing harm to the Plaintiff, Stephen Lamb, when he seized him with out probable cause and caused him to be prosecuted.

52. The charges against the Plaintiff were terminated in his favor.

53. As the direct and proximate result of falsely arresting, imprisoning and prosecuting the Plaintiff, Stephen Lamb, defendant, Deputy Chief Wysocki caused the Plaintiff great harm and damage, including, but not limited to, insulting and humiliating Plaintiff, emotional damage, the loss of liberty, the loss of enjoyment of life, the expense of

defending himself and destroying the Plaintiff's good name and reputation in his community.

54. The above-described actions of the defendant, Deputy Chief Wysocki, in his individual capacity, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to New Jersey State Law, Plaintiff, Stephen Lamb, demands compensatory and punitive damages against defendant, Deputy Chief Wysocki, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT V--STATE LAW CLAIM**</u>
<u>**ASSAULT AND BATTERY**</u>
<u>**STEPHEN LAMB V. DEPUTY CHIEF WYSOCKI**</u>

55. Paragraphs 1 through 54 are incorporated herein by reference, as though each were fully set forth herein at length.

56. Plaintiff, Stephen Lamb believe and therefore aver that the defendant, Deputy Chief Wysocki, acting within the course and scope of his authority, wrongfully and unlawfully assaulted and battered the Plaintiff, as more particularly described hereinabove.

57. Plaintiff specifically complain of the conduct of the Defendant, Deputy Chief Wysocki in physically abusing him.

58. The above-described actions of the defendant Wysocki placed the Plaintiff, in the reasonable fear of imminent bodily harm and resulted in the Plaintiff's being unlawfully and improperly touched, assaulted, and abused against their will.

59. As a direct and proximate result of the malicious, intentional and/or

reckless actions of the defendant, Deputy Chief Wysocki, the plaintiff suffered injuries that are described herein.

60. The above-described actions of the defendant, Deputy Chief Wysocki, were so malicious, intentional, reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to New Jersey State Law, Plaintiff, Stephen Lamb, demands compensatory and punitive damages against defendant, Deputy Chief Wysocki, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT VI--STATE LAW CLAIM
### LOSS OF CONSORTIUM
### SUSAN LAMB V. DEPUTY CHIEF WYSOCKI

61. Paragraphs 1 through 60 are incorporated herein by reference, as though each were fully set forth herein at length.

62. As a further result of the actions of defendant, Deputy Chief Wysocki, Plaintiff, Susan Lamb, has been and may in the future be deprived of the society, companionship and consortium of her husband, Stephen Lamb.

**WHEREFORE**, pursuant to New Jersey State Law, Plaintiff, Susan Lamb, demands compensatory and punitive damages against defendant, Deputy Chief Wysocki, jointly and/or severally in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

RESPECTFULLY SUBMITTED,


BY:__/S/_____
      ALAN DENENBERG, ESQUIRE